**Michael John LINSCHOTEN,
Petitioner–Appellant,**

v.

**THE NEVADA DEPT. OF PRISONS,
et al., Respondents–Appellees.**

**No. 00–15835.**

**D.C. No. CV–00–00027–ECR.**

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Aug. 12, 2002 *.

Decided Aug. 16, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Michael John Linschoten, a Nevada state prisoner serving a sentence for attempted robbery, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253, we review de novo, *see Coe v. Thurman*, 922 F.2d 528, 530 (9th Cir. 1990), and we affirm.

Linschoten contends the district court erred by dismissing his § 2254 petition for failure to exhaust his state remedies, because the failure to do so is excused by the Nevada Supreme Court's ongoing delay in addressing his appeal from the denial of his petition for post-conviction relief.[1] We reject this contention, however, because any delay in the proceedings in the Nevada Supreme Court is neither excessive nor prejudicial to the point of rising to the level of a due process violation. *See Coe*, 922 F.2d at 530–31 (explaining that excessive delay in obtaining appeal may consti- tute due process violation relieving prisoner of exhaustion requirement); *see also United States v. Mohawk*, 20 F.3d 1480, 1485 (9th Cir.1994).

AFFIRMED.[2]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. It is unclear from the record whether petitioner actually filed an appeal in the Nevada Supreme Court.

2. Respondents' motion to strike the exhibits filed in support of Petitioner's opening brief is denied.

